UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BARBARA M. MCCLINTON,

           Petitioner,         Nos. 1:08-cv-548
                                                      1:07-cr-400
      v.                              (GLS)

UNITED STATES OF AMERICA,

           Respondent.
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PETITIONER:**
BARBARA M. MCCLINTON
*Pro Se*
14342-052
Federal Prison Camp
33 ½ Pembroke Road
Danbury, CT 06811

**FOR THE RESPONDENT:**
HON. ANDREW T. BAXTER         TINA E. SCIOCCHETTI, ESQ.
Acting United States Attorney
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, NY 12207-2924

**Gary L. Sharpe
U.S. District Judge**

## SUMMARY ORDER

On February 29, 2008, the court sentenced petitioner Barbara M.

McClinton ("McClinton") to a term of 36 months imprisonment, following her guilty plea to access device fraud in violation of 18 U.S.C. §§ 1029(a)(2); (c)(1)(A)(i) and aggravated identity theft in violation of 18 U.S.C. § 1028A. McClinton has filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct her sentence. (Dkt. Nos. 27, 39.)

Among the grounds for relief cited by McClinton is the ineffective assistance of counsel. McClinton claims counsel was ineffective for having failed to file a notice of appeal as requested. A petitioner claiming that counsel was constitutionally ineffective for having failed to file an appeal must show both that counsel's representation "fell below an objective standard of reasonableness" and that counsel's deficient performance prejudiced the petitioner. *See Garcia v. United States,* 278 F.3d 134, 137 (2d Cir. 2002) (citing *Roe v. Flores-Ortega,* 528 U.S. 470, 476-77 (2000)). As a matter of law, it is unreasonable for a lawyer to disregard his client's specific instructions to file an appeal. *Garcia,* 278 F.3d at 137. Moreover, prejudice will be presumed in such circumstances, regardless of the merits of the potential appeal. *Id.* This remains true even where, as here, the petitioner's plea agreement contains a waiver of appellate rights. *See Campusano v. United States,* 442 F.3d 770, 772 (2d Cir. 2006).

2

The United States claims McClinton made no request to appeal her sentence. In support of this contention the government proffers an affirmation from McClinton's trial counsel which states:

> I do not recall Barbara McClinton's specific request to appeal prior to sentencing or after imposition of her sentence. However, had Barbara McClinton make (sic) a request of counsel that an appeal be filed, counsel would have filed a notice of appeal.

(Affirmation of Gene V. Primomo; Dkt. No. 41.) As the government recognizes, however, this court rejected just such a "tepid affirmation" in a previous case, wherein a petitioner's trial counsel stated that he did "not recall the defendant requesting that a notice of appeal be filed on his behalf." *See Garcia-Monge v. United States*, No. 07-CV-0807, 2008 WL 2562002, at *1 (N.D.N.Y. June 26, 2008). Thus, as in *Garcia-Monge*, the court credits McClinton's contrary version of the facts, *i.e.,* that she requested that counsel file an appeal. Accordingly, McClinton's sentence will be vacated, and a new criminal judgment entered, so that she is given a fresh opportunity to file a timely notice of appeal.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the March 6, 2008 Judgment in 1:07-cr-00400 (Dkt. No. 26) is VACATED; and it is further

3

**ORDERED** that a new criminal judgment be entered in 1:07-cr-00400 forthwith which contains the identical sentence and other conditions reflected in the March 6, 2008 Judgment; and it is further

**ORDERED** that the motion to vacate pursuant to 28 U.S.C. § 2255 is dismissed without prejudice as premature; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Summary Order to the parties and Alex J. Bunin, Federal Public Defender, by regular mail.

**IT IS SO ORDERED.**

Dated: January 21, 2009
Albany, New York

_Gary L. Sharpe_
United States District Court Judge

4